# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 1:14-cr-00070 |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| DOUGLAS KELLY, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Defendant Douglas Kelly's motion to suppress evidence of alleged statements made on the day of his arrest. (Doc. No. 435.) The Court conducted a hearing on the motion on August 28, 2015. For the reasons that follow, the Court will deny Defendant's motion.

## I. BACKGROUND

Defendant Douglas Kelly moves to suppress statements made to law enforcement officers following his arrest on March 21, 2014. (Doc. Nos. 436 at 2; 501 at 3.) Defendant made the statements in question at the Edgar Fahs Middle School, where he had been taken on arrest. (Id.) He was questioned by then-Special Agent Brian LePrell of the Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). (Id.) At the hearing, the Government offered the testimony of two witnesses: Agent LePrell and Trooper Kevin Guyer.

Agent LePrell, a former ten-year ATF veteran, testified that at sometime before 7 a.m. on August 28, 2015, Defendant was brought to the middle school after his arrest. Agent LePrell did not personally arrest Defendant, but he did conduct the interrogation. Agent LePrell testified that, as is his practice, he gave Defendant a copy of a standard form waiver of Fifth Amendment rights. The waiver form, attached to the Government's brief in opposition, sets out a "Statement

1

of Rights," in the form of a bullet point list. (Doc. No. 501-1 at 4.) The document also includes a signature line under a paragraph labeled, "Waiver." (Id.) In the waiver paragraph, a signer warrants that he or she "ha[s] read this statement of my rights or it has been read to me, and I understand these rights." (Id.) It continues, "[a]t this time I am willing to answer questions without a lawyer present. No promises or threats have been made to me, and no pressure or force of any kind has been used against me." (Id.) The waiver form is signed "Kelly Douglas," above a printed name of "Douglas Kelly." (Id.)

Agent LePrell testified that Defendant's demeanor was hesitant, and noted that Defendant appeared to be concerned for his safety after speaking with authorities. Agent LePrell further testified that Defendant acknowledged that he understood his rights and that he signed the waiver form upon reviewing it. No one verbally or physically threatened Defendant, or took any steps to coerce him into answering questions or waiving his rights. None of the interview was videotaped or audiotaped. Agent LePrell made notes of Defendant's statement, but he did not review his notes with Defendant.

Trooper Guyer, a Pennsylvania law enforcement officer who is a designated ATF task force officer, was present the morning of the arrest and interview. Trooper Guyer signed and dated the waiver form as a witness to Defendant's signature. Trooper Guyer testified that he recalled seeing Defendant sign the form and looking at the form after Agent LePrell gave it to him, although he could not recall verbatim the details of the conversation.

## II. DISCUSSION

Defendant argues that the interrogation was "custodial," and the Government does not argue to the contrary. (Doc. No. 436 at 2.) Therefore, the Defendant argues that the officers

2

were required to apprise him of his Miranda rights before questioning him. (Id. at 3.) In addition, Defendant argues that the Government is unable to "meet its burden of proof that Defendant was given the Miranda warnings and knowingly and voluntarily waived them prior to his custodial interrogation" by Agent LePrell on March 21, 2014. (Id. at 5.) Due to that defect, Defendant argues that his statements and other evidence gleaned from the incident must be suppressed. (Id.) The Government's position is that Agent LePrell provided Defendant with a form that advised Defendant of his Miranda rights, and that Defendant knowingly, voluntarily, and intelligently waived his rights by signing the form. (Doc. No. 501 at 3; 501-1.)

The Fifth Amendment to the United States Constitution contains an individual privilege against self-incrimination, and Miranda v. Arizona, 384 U.S. 436 (1966), provided a mechanism to safeguard that privilege. 384 U.S. at 467 ("In order . . . to permit a full opportunity to exercise the privilege against self-incrimination, the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored."). Before interrogation, the accused must be fully informed of the "State's intention to use his statements to secure a conviction," Moran v. Burbine, 475 U.S. 412, 420 (1986), and of his rights to remain silent and to have counsel present if he so desires. Miranda, 384 U.S. at 469. An accused may waive his or her rights verbally or in writing, so long as he or she makes "a deliberate choice to relinquish the protection those rights afford." United States v. Whiteford, 676 F.3d 348, 362 (3d Cir. 2012) (quoting Berghuis v. Thompkins, 560 U.S. 370, 385 (2010)). When the issue of waiver arises on a motion to suppress evidence, the prosecution bears the burden of showing a knowing and intelligent waiver of Fifth Amendment rights. United States v. Crook, 502 F.2d 1378, 1381 (3d Cir. 1974). A court will first inquire whether "the relinquishment of the right [was] voluntary in

the sense that it was the product of a free and deliberate choice," and whether the waiver was made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran, 475 U.S. at 421.

It is also beyond question that a validly executed standard form may suffice to show voluntary and knowing waiver. Alston v. Redman, 34 F.3d 1237, 1253 (3d Cir. 1994). As the Third Circuit has explained, a waiver, verbal or written, is merely a freely revocable statement of intent to abandon one's rights – the true waiver occurs when the individual begins answering questions. Collins v. Brierly, 492 F.2d 735, 739-40 (3d Cir. 1974). Consequently, a waiver form's "main purpose is evidentiary, to establish with a minimum of difficulty and a maximum of certainty that the police gave the warnings and that the suspect had agreed – preliminarily – to answer questions." Id. at 739.

The Court finds that the Government has satisfied its burden of showing that Defendant waived his Fifth Amendment rights and will deny Defendant's motion to suppress evidence. The Court credits the testimony of Agent LePrell and Trooper Guyer in finding that Defendant waived his rights in writing and that his waiver was informed and voluntary. The officers' inability to recite verbatim Defendant's account does not alter the Court's conclusion. There is no suggestion that Defendant was misled or threatened, and "[t]here is also no contention that [Defendant] did not understand his Miranda rights when he waived them" on the morning of his arrest. See Alston, 32 F.3d at 1253. In sum, the signed waiver, together with the corroborating testimony of the officers, provides a sufficient basis to conclude that Defendant freely and deliberately relinquished his Fifth Amendment rights against self-incrimination.

III. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to suppress evidence of alleged statements made after his arrest. An order consistent with this memorandum follows.